UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FREDDIE L. DUKES** | * | **CIVIL DOCKET NO:** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **MARC F. BELANGER, VALARD CONSTRUCTION, L.L.C., and LIBERTY MUTUAL INSURANCE COMPANY** | * * * | **MAG. JUDGE:** |

## NOTICE OF REMOVAL

Defendant, Valard Construction, L.L.C. ("Valard"), files this notice of removal on the following grounds:

### THE REMOVED CASE

**1.**

On August 23, 2022, a Petition for Damages was filed on behalf of plaintiff, Freddie L. Dukes, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, styled, "*Freddie L. Dules versus Marc F. Belanger, Valard Construction, L.L.C., and Liberty Mutual Insurance Company*," bearing Docket Number C-722585.

**2.**

On August 29, 2022, defendant, Valard, was served with the Petition for Damages through its registered agent, Corporation Service Company.

**3.**

On August 30, 2022, defendant, Liberty Mutual Insurance Company ("Liberty"), was served through its registered agent, the Secretary of State.

**4.**

On August 25, 2022, service was requested on defendant, Marc Belanger, via the Long Arm Statute. However, no affidavits of service have been filed into the record yet.

1

4718216

**5.**

Service has not yet been requested on defendant, Old Republic Insurance Company.

**6.**

Attached hereto as Exhibit A, is a complete copy of all pleadings currently filed in the court record for the 19th Judicial District Court.

**7.**

In his Petition, plaintiff alleges that on or about September 3, 2021, Freddie L. Dukes was involved in an automobile accident with a vehicle being driven by Marc F. Belanger on Oak Villa Boulevard, in Baton Rouge, Louisiana. Plaintiff asserts that he was in a vehicle traveling southbound when a truck being driven by Marc F. Belanger began making a wide right turn into the parking lot of his destination. Plaintiff asserts that, as Marc F. Belanger attempted the turn, metal poles from Mr. Belanger's truck collided with plaintiff's vehicle.

**8.**

As a result of this accident, plaintiff alleges that he sustained personal injuries that he asserts exceed the requisite amount necessary to establish jurisdiction of federal courts.

## **BASIS OF JURISDICTION**

**9.**

Defendant avers that this Court has original jurisdiction over the claims asserted by plaintiff pursuant to the provisions of 28 U.S.C. § 1332 and 1441, as this is a civil action between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

4718216

## PARTIES AND DIVERSITY OF CITIZENSHIP

**10.**

Defendant shows that there is complete diversity of citizenship between plaintiff and defendants.

**11.**

Plaintiff, Freddie L. Dukes, is domiciled in the Parish of East Baton Rouge, State of Louisiana. Accordingly, Freddie L. Dukes is a citizen of the State of Louisiana.

**12.**

Defendant, Valard, is a non-Louisiana limited liability company. Its sole member, Irby Construction Company, is a Mississippi corporation that has its principal place of business in Mississippi. Accordingly, Valard is deemed to be a citizen of the State of Mississippi.

**13.**

Defendant, Marc F. Belanger, is a domiciled in the city of Calgary, Alberta, Canada. Accordingly, Marc F. Belanger is a citizen of Canada.

**14.**

Defendant, Liberty, is a Massachusetts corporation that has its principal place of business in Massachusetts. Accordingly, Liberty is deemed to be a citizen of the State of Massachusetts.

**15.**

Defendant, Old Republic Insurance Company, is a Pennsylvania corporation that has its principal place of business in Pennsylvania. Accordingly, Old Republic Insurance Company is deemed to be a citizen of the State of Pennsylvania.

4718216

**16.**

Because plaintiff is a citizen of Louisiana, and the defendants are citizens of Mississippi, Canada, Massachusetts, and Pennsylvania, complete diversity exists.

### AMOUNT IN CONTROVERSY

**17.**

Defendant states that, based upon the allegations of plaintiff's Amended Petition for Damages, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**18.**

Plaintiff does not plead, and Louisiana law does not allow plaintiff to plead, a specific amount of damages. La. Code Civ. Proc. art. 893(A)(1). In such circumstances, the Fifth Circuit permits removal under 28 U.S.C. § 1332(c)(2)(B) if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

**19.**

However, La. Code Civ. Proc. Art. 893(A)(1) provides that, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim exceeds or is less than the requisite amount is required.

**20.**

Given that plaintiff did not include an allegation regarding whether the amount in controversy exceeds the jurisdictional amount for this Court, defendant filed an Exception of Vagueness in state court asserting that plaintiff's petition was impermissibly vague without such allegation.

**21.**

In response to the Exception of Vagueness, plaintiff filed a Motion to Amend his Petition for Damages to include a general statement regarding whether his claims exceed or are less than the requisite amount to establish jurisdiction of the federal court. In his Amended Petition, plaintiff states: "Based upon information and belief, this case exceeds the requisite amount for jury demand and the lack of jurisdiction of federal courts" (See Exhibit A).

**22.**

Therefore, based on the allegation asserted in plaintiff's Amended Petition for Damages, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**23.**

Accordingly, defendant shows that this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a), in that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and this is an action between citizens of different states.

**REMOVAL IS TIMELY**

**24.**

Defendant, Valard, was served with Plaintiff's Amended Petition on February 10, 2023. Thus, defendant shows that this Notice of Removal was timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446(b)(3) and §1446(c)(3)(A), as notice was filed within 30 days of receipt of plaintiff's Amended Petition for Damages and other papers from which defendant could ascertain that the case is removable.

## CONSENT

**25.**

As defendants, Marc. F. Belanger and Old Republic Insurance Company have not been served, their consent to this removal is not necessary; however, both Marc F. Belanger and Old Republic Insurance Company consent to the removal. Further, as is explained herein, defendant, Liberty's consent to this removal is likewise unnecessary.

**26.**

The Removing Defendants bear the burden of establishing compliance with the rule of unanimity, either by showing all properly joined and served defendants' consent to removal or by establishing that a named defendant's consent to removal is not required." *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015). "[I]f a removing defendant fails to obtain the consent to remove of any codefendants, the notice of removal must affirmatively explain why consent of those defendants was unnecessary." *Id.*

**27.**

While typically, all defendants must join in the removal petition, nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970). The ultimate test of whether defendants are indispensable parties is whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff. *Id.*

**28.**

Here, defendant, Liberty is a nominal defendant as it is neither necessary nor indispensable, and the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff as Liberty has been incorrectly named as a defendant herein.

**29.**

In plaintiff's Petition for Damages, plaintiff named Liberty as a defendant as the insurer of the vehicle being driven by defendant, Marc F. Belanger, at the time of the subject accident. After filing suit, undersigned counsel informed plaintiff's counsel that Liberty is not the correct insurer, as Liberty has never issued a policy of insurance providing coverage to the vehicle involved in the subject accident. (See Exhibit B). Rather, undersigned counsel informed plaintiff's counsel that Old Republic Insurance Company is the correct insurer and provided plaintiff with a copy of the applicable declarations page evidencing the same. (See Exhibit B).

**30.**

Based on the information provided by undersigned counsel, plaintiff amended his Petition to name the correct insurer-defendant, Old Republic Insurance Company. Liberty, however, has not yet been formally dismissed from the case. Nonetheless, as Liberty is incorrectly named, and therefore is a nominal party, Liberty's consent to this removal is not necessary.

## **VENUE**

**31.**

The venue of this removal action is proper pursuant to the provisions of 28 U.S.C. § 1441(a), as the United States District Court for the Middle District of Louisiana, embraces East Baton Rouge Parish and the 19th Judicial District Court, where the state court action is pending.

**32.**

Based on the foregoing, defendant shows that this matter is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*

**33.**

Written notice of the filing of this removal will be sent to the adverse party as required by law.

**34.**

A copy of this Notice of Removal is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, as required by law.

**WHEREFORE**, Defendant, Valard Construction, LLC, prays that the action be removed to this Court and that the action be placed on the docket of the Court for further proceedings as though it were originally instituted in the Court.

RESPECTFULLY SUBMITTED,

**BREAZEALE, SACHSE & WILSON, LLP**
One American Place, 23rd Floor
P.O. Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: (225) 387-4000
Fax: (225) 381-8029

*/s/ Alexa Candelora*
Douglas K. Williams, T.A. (#2187)
Alexa Candelora (#39134)
*Counsel for Valard Construction, LLC*

4718216